UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHANTEL WILLIAMS,<br><br>                         Plaintiff,<br><br>             -against-<br><br>LONG ISLAND RAILROAD; THERESA<br>DORSEY; KIM HANLEY,<br><br>                         Defendants. | 25-CV-10062 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under the Americans with Disabilities Act of 1990

("ADA") and the Family and Medical Leave Act of 1993 ("FMLA"), alleging that her employer

discriminated against her based on her disability and refused to provide her with medical leave.

Named as Defendants are the Long Island Rail Road ("LIRR"), which is an agency of the

Metropolitan Transportation Authority, and LIRR employees Thersa Dorsey and Kim Hanley.

For the following reasons, the Court transfers this action to the United States District Court for

the Eastern District of New York.

## DISCUSSION

Venue for Plaintiff's employment discrimination claims under the ADA is governed by

the venue provision found in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3).

*See* 42 U.S.C. § 12117(a) (incorporating by reference Title VII' s venue provision for claims

brought under the ADA). Under that provision, a claim under the FMLA can be brought

> in any judicial district in the State in which the unlawful employment practice is
> alleged to have been committed, the judicial district in which the employment
> records relevant to such practice are maintained and administered, or in the
> judicial district in which the aggrieved person would have worked but for the
> alleged unlawful employment practice, but if the respondent is not found within
> any such district, such an action may be brought within the judicial district in
> which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Plaintiff alleges that she is employed in, and that the unlawful employment practice occurred in, Jamaica, Queens County, New York. Queens County is located within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Venue for Plaintiff's ADA claims is therefore proper in this district,[1] the Eastern District of New York, and every other district in the State of New York.

Plaintiff's claims under the FMLA are governed by the general venue statute, 28 U.S.C. § 1391. *See Rosol v. New York City Hous. Auth.*, No. 1:25-CV-5183 (JMF), 2025 WL 1808897, at *1-2 (S.D.N.Y. July 1, 2025). Under Section 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that the events giving rise to her claims occurred at her place of employment in Jamaica, Queens County, New York. Plaintiff does not plead the residences of

---

[1] This district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

any of the defendants, but she alleges that the individual defendants are employed in Queens County. Because it is unknown where Defendants reside, it is unclear whether venue for Plaintiff's FMLA claims is proper under Section 1391(b)(1) in either this district or Eastern District of New York. Even if the Court did assume that Defendants reside in this District and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in Queens County, venue for her FMLA claims would also be proper under Section 1391(b)(2) in the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case because (1) the underlying events occurred in Queens County; (2) the LIRR is likely a resident of Queens County, and the individual defendants are employed in Queens County; and (3) it is reasonable to expect that the relevant documents and witnesses also would be located in Queens County. The

3

Eastern District of New York, which is an appropriate venue for all of Plaintiff's claims, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A decision on Plaintiff's application for the court to request *pro bono* counsel is also reserved for the transferee court. Summonses shall not issue from this court. This order closes this case in this court. The Court directs the Clerk of Court to terminate all pending motions.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 27, 2026
          New York, New York

                                   /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                  Chief United States District Judge